Benjamin W. Reeves (#025708)
James G. Florentine (#034058)
SNELL & WILMER L.L.P.
One East Washington Street, Suite 2700
Phoenix, AZ 85004
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: breeves@swlaw.com
jflorentine@swlaw.com

David Weitman (*admitted pro hac vice*)
Christopher A. Brown (*admitted pro hac vice*)
K&L Gates LLP
1717 Main Street, Suite 2800
Dallas, TX 75201
Telephone: 214.939.5427
Facsimile: 214.939.5849
E-Mail: david.weitman@klgates.com
Attorneys for Defendant LuMed, LLC

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>ATHENA MEDICAL GROUP, LLC,<br><br>Debtor. | Proceedings Under Chapter 11<br><br>Case No. 2:23-bk-01635-BKM<br><br>**LUMED, LLC'S MOTION TO DISMISS: COUNTS I, III, IV, AND VI OF THE SECOND AMENDED COMPLAINT** |
| ATHENA MEDICAL GROUP, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>WOUND CARE SPECIALISTS, LLC, a Utah limited liability company dba RESKIN MEDICAL; RENU, LLC, a Utah limited liability company; LUMED LLC, a Delaware limited liability company; SKYLINE MEDICAL BILLING, LLC, a Utah limited liability company; BRECK HUGHES, an individual; DAMIAN WEISS, an individual,<br><br>Defendants. | Adversary No. 2:23-ap-00057-BKM |

Pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6), LuMed LLC ("LuMed"), by and through the undersigned counsel, hereby moves to dismiss Count I (breach of contract), Count III (fraud), Count IV (negligent misrepresentation), and Count VI (unjust enrichment) of the *Second Amended Complaint* (the "SAC" or "Second Amended Complaint"), filed by Plaintiff James E. Cross, Subchapter V Trustee with expanded powers ("Plaintiff"), on July 10, 2024 at Dkt. No. 50, as against LuMed with prejudice. LuMed supports this Motion with the following Memorandum of Points and Authorities, and all papers and pleadings of record in the above-captioned adversary proceeding.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

In the Second Amended Complaint, Plaintiff fails to state a claim against LuMed for (i) breach of contract (Count I), (ii) fraud (Count III), (iii) negligent misrepresentation (Count IV), and (iv) unjust enrichment (Count VI). As explained in further detail below, Plaintiff fails to state a breach of contract claim against LuMed because Plaintiff's breach of contract claim is limited to two agreements to which LuMed is not (and never was) a party and to which Plaintiff does not allege LuMed is or was a party.

Plaintiff fails to state a fraud claim against LuMed because Plaintiff asserts his fraud claim based on Wound Care Specialists, LLC's ("WCS") and ReNu LLC's ("ReNu") alleged false representations, not any false representation by LuMed.

Similarly, Plaintiff's negligent misrepresentation and unjust enrichment allegations against LuMed (and all other Defendants (as defined in the SAC)) based solely on alleged false representations by WCS and ReNu to Athena Medical Group, LLC ("Athena") regarding "test patients." Plaintiff's Second Amended Complaint, however, is devoid of any factual allegations as to LuMed's involvement with any such alleged representations. Therefore, this Court should dismiss such claims against LuMed with prejudice.

### II. LEGAL STANDARD

"Under Civil Rule 12(b)(6), a trial court may dismiss a complaint for 'failure to state a claim upon which relief can be granted.' To survive a Civil Rule 12(b)(6) dismissal

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004
602.382.6000

motion, a complaint must present cognizable legal theories and sufficient factual allegations to support those theories." *In re Mack*, 2023 WL 2397345, at *2 (9th Cir. B.A.P. March 7, 2023) (quoting *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008)); *see also In re Lloyd*, 511 B.R. 657, 659 (Bankr. D. Ariz. 2014) ("To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must provide enough factual matter so that the claim is plausible on its face."). "When considering whether to grant a motion to dismiss, the Court should assume all material facts pleaded are true and interpret them in the most favorable light to the nonmoving party. . . . However, the Court does not need to assume the truth of conclusory allegations." *In re Lloyd*, 511 B.R. at 659; *see also In re Damme*, 2023 WL 2911610, at *3 (9th Cir. B.A.P. April 12, 2023) ("To survive a motion to dismiss, the non-conclusory 'factual content' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").

With respect to fraud claims, "Federal Rule 9(b) requires [a] heightened pleading" standard. *In re Greenbelt Prop. Mgmt., LLC*, 2013 WL 7874084, at *2 (Bankr. D. Ariz. Dec. 4, 2013); *see also In re Carroll*, 2011 WL 13558245, at *5 (Bankr. D. Ariz. Feb. 14, 2011) ("If the claims include allegations of fraud, those allegations must meet the heightened pleading standards of Rule 9(b). . . ."). Specifically, Plaintiff must "plead[] facts with particularity, that indicate the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *In re Carroll*, 2011 WL 13558245, at *5 (citations and internal quotation marks omitted); *see also In re Mortgages Ltd.*, 2013 WL 1336830, at *15 (Bankr. D. Ariz. March 29, 2013) ("Rule 9(b) requires that if alleging fraud or mistake, the claim must also state with particularity the circumstances constituting fraud or mistake.") (citations and internal quotations marks omitted). "In short, the plaintiff must plead the who, what, where and how of the conduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *In re Mortgages Ltd.*, 2013 WL 1336830, at *15 (citations and internal quotation marks omitted); *see also Vess v. Civa-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by the

who, what, when, where, and how of the misconduct charged.") (citations and internal quotation marks omitted).

### III. LEGAL ARGUMENT

#### A. Plaintiff Fails to State a Breach of Contract Claim Against LuMed

To state a claim for breach of contract, Plaintiff must allege: "(1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages." *See, e.g.*, *Soccer Connection, Inc. v. Nike USA, Inc.*, 2018 WL 3827371, at *2 (D. Utah Aug. 10, 2018); *see also Hannibal-Fisher v. Grand Canyon Univ.*, 523 F.Supp.3d 1087, 1093 (D. Ariz. 2021) ("To state a cause of action for breach of contract, the Plaintiff must plead facts alleging (1) a contract exists between the plaintiff and defendant; (2) the defendant breached the contract; and (3) the breach resulted in damage to plaintiff.") (citations and internal quotation marks omitted). Plaintiff's Second Amended Complaint alleges breach of contract claims as to two agreements—the Provider Agreement and the Supply Agreement, as defined in the Second Amended Complaint. *See* SAC at ¶107. Plaintiff attaches each of the agreements to its Second Amended Complaint (*see* SAC at Exhibit A & Exhibit C). Consequently, the Court may consider those operative agreements under Civil Rule 12(b)(6). *See, e.g., Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022). On their face, and as alleged by Plaintiff, LuMed is not a party to either agreement that forms the sole basis for Plaintiff's breach of contract claim (Count I) against LuMed. Plaintiff's failure to allege the breach of any agreement between LuMed and Athena is fatal to Plaintiff's breach claim against LuMed, which should be dismissed with prejudice.

#### B. Plaintiff Fails to State a Fraud Claim Against LuMed

To state a claim for fraud, Plaintiff must allege facts with particularity stating: "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's interest that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury." *See, e.g.*, *Paz v. Arizona*, 2016 WL 7674582, at *3 (D.

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004
602.382.6000

Ariz. Dec. 5, 2016) (citations and internal quotation marks omitted). As set forth above, this means that Plaintiff "must plead the who, what, where and how of the conduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *In re Mortgages Ltd.*, 2013 WL 1336830, at *15 (citations and internal quotation marks omitted).

In the Second Amended Complaint, Plaintiff alleges his fraud claim against LuMed based on his allegation that "WCS/ReNu sent Athena . . . information that falsely asserted that certain "test patients" had Medicare insurance when in fact they had insurance coverage administered by private payors." *See* SAC at ¶ 123. In other words, Plaintiff alleges in his fraud claim that WCS and ReNu made false representations, not that LuMed made any false representations. *See id*. Certainly, Plaintiff falls far short of alleging the "who, what, where and how" of any false representation, much less any allegedly made by LuMed. Indeed, Plaintiff wholly fails to identify a single individual who allegedly made the false representations, any individual to whom such representations were made, when any such representations were made, and how the representations were communicated to whomever purportedly received them. Despite this, Plaintiff appears to seek judgment against LuMed for fraud. *See* SAC at ¶ 126; *see also* SAC at Prayer for Relief (seeking judgment against Defendants "jointly and severally"). Plaintiff's complete failure to even allege any false representation by LuMed dooms Plaintiff's fraud against LuMed. As such, this Court should dismiss Plaintiff's fraud claim against LuMed with prejudice.

C. **Plaintiff Fails to State a Negligent Misrepresentation Claim against LuMed**

Plaintiff fails to state a negligent misrepresentation claim with sufficient particularity against LuMed as a matter of law. To properly plead negligent misrepresentation, a plaintiff must allege that: "1) Defendant[], in the course of business, gave incorrect information for the guidance of others in [its] business transactions; 2) Defendant intended, or could reasonably foresee, that Plaintiffs would rely on that information; 3) Defendant failed to exercise reasonable care in obtaining or communicating that information; 4) Plaintiffs relied on that incorrect information; 5) Plaintiffs' reliance was justified; and 6) Plaintiffs' reliance

was a cause of their damages." *See, e.g., Warren v. Sierra Pacific Mortg. Services Inc.*, 2010 WL 4716760, at *4 (D. Ariz. Nov. 15, 2010) (citations omitted).

Plaintiff's negligent misrepresentation against LuMed is based on the same allegations as his fraud claim — *i.e.*, that WCS and ReNu, not LuMed, allegedly sent Athena "test patients." *See* SAC at ¶ 128. Specifically, Plaintiff alleges that "[i]n the course of WCS/ReNu's business activities . . . they [not LuMed] sent information to Athena that falsely asserted that certain "test patients" had Medicare/Medicaid insurance. . . ." *Id.* Plaintiff's Second Amended Complaint is devoid of any allegation specific to LuMed in support of any of the elements of a negligent misrepresentation claim. As a result of Plaintiff's failure to allege that LuMed provided false information to Athena, Plaintiff's negligent misrepresentation claim against LuMed fails as a matter of law. Therefore, this Court should dismiss Plaintiff's negligent misrepresentation claim against LuMed with prejudice.

D.  **Plaintiff Fails to State an Unjust Enrichment Claim against LuMed**

Further, Plaintiff also has not stated, and cannot state, an unjust enrichment claim against LuMed. "In order to prevail on an unjust enrichment claim under Arizona law, a plaintiff must establish that, (1) plaintiff conferred a benefit upon the defendant; (2) defendant's benefit is at plaintiff's expense; and (3) it would be unjust to allow defendant to keep the benefit." *See In re Arizona Theranos, Inc., Litig.*, 308 F.Supp.3d 1026, 1057 (D. Ariz. 2018) (citations and internal quotation marks omitted); *see also Premier Funding Group LLC v. Aviva Life & Annuity Co.*, 2015 WL 789743, at *3 (D. Ariz. Feb. 25, 2015) ("Generally, to recover under a theory of unjust enrichment, a plaintiff must demonstrate: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and impoverishment, (4) the absence of justification for the enrichment and impoverishment, and (5) the absence of a remedy provided by law.").

In the Second Amended Complaint, Plaintiff alleges that "Defendants' misrepresentations regarding the "test patients" resulted in harm to Athena insofar as it was required to provide unreimbursed care to these patients." *See* SAC at ¶ 138. As explained

above, however, Plaintiff only alleges that WCS and ReNu made false representations to Athena regarding "test patients." *See* SAC at ¶¶ 89-96, 123, & 128. Therefore, Plaintiff's unjust enrichment claim against LuMed based on the alleged representations regarding "test patients" fails.

In addition, Plaintiff completely fails to allege how Athena allegedly conferred any benefit on LuMed. For this additional reason, Plaintiff fails to state an unjust enrichment claim against LuMed. *See In re Arizona Theranos, Inc., Litig.*, 308 F.Supp.3d at 1057 (explaining that "a plaintiff must establish that, (1) plaintiff conferred a benefit upon the defendant; (2) defendant's benefit is at plaintiff's expense; and (3) it would be unjust to allow defendant to keep the benefit") (citations and internal quotation marks omitted). Accordingly, this Court should dismiss Plaintiff's unjust enrichment claim against LuMed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, LuMed respectfully requests that this Court (i) dismiss Count I (breach of contract), Count III (fraud), Count IV (negligent misrepresentation), and Count VI (unjust enrichment) of Plaintiff's Second Amended Complaint as against LuMed with prejudice and (ii) grant LuMed such other and further relief as it is justly entitled.

DATED this 27th day of August, 2024.

SNELL & WILMER L.L.P.

By *s/James G. Florentine*
Benjamin W. Reeves
James G. Florentine
One East Washington Street, Suite 2700
Phoenix, AZ 85004

David Weitman (*admitted pro hac vice*)
Christopher A. Brown (*admitted pro hac vice*)
K&L GATES LLP
1717 Main Street, Suite 2800
Dallas, TX 75201

Attorneys for Defendant LuMed, LLC

**ORIGINAL** of the foregoing e-filed and emailed this 27th day of August, 2024 to:

Isaac M. Gabriel
Alissa Brice Castaneda
Michael Galen
Dorsey & Whitney LLP
2325 East Camelback Rd., Ste. 300
Phoenix, AZ 85016
*Attorneys for the Debtor*

Michael W. Carmel
Michael W. Carmel, Ltd.
80 East Columbus Avenue
Phoenix, AX 85012-2334
*Attorney for Plaintiff*

Patty Chan
Office of the U.S. Trustee
230 North First Avenue, Suite 204
Phoenix, Arizona 85003
*Trustee*

s/Jennifer Thomes